Filed 3/20/14  In re A.Q. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

<table>
<tr><td>
In re A.Q., A Person Coming Under the Juvenile Court Law.<br><br>
THE PEOPLE,<br><br>
    Plaintiff and Respondent,<br><br>
v.<br><br>
A.Q.,<br><br>
    Defendant and Appellant.
</td>
<td>
E060034<br><br>
(Super.Ct.No. INJ1300188)<br><br>
**OPINION**
</td></tr>
</table>

APPEAL from the Superior Court of Riverside County.  Lawrence P. Best, Temporary Judge (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Patrick E. DuNah, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

# I

## INTRODUCTION

On May 21, 2013, pursuant to a negotiated disposition following the filing of a Welfare and Institutions Code section 602 petition, minor and appellant A.Q. admitted violating one count of theft from a person under Penal Code[1] section 487, subdivision (c). As part of this disposition, minor also admitted the allegation that he personally used a deadly weapon, specifically a knife, in the commission of the offense under section 12022, subdivision (b)(1). The maximum potential term of confinement was set at four years.

On June 6, 2013, the proceedings were suspended for the purpose of placing minor on probation under Welfare and Institutions Code section 791, subdivision (b) (deferred Entry of Judgment) for a period not to exceed three years.

On September 18, 2013, a Petition Subsequent was filed alleging robbery under section 211, and theft from a person under section 487, subdivision (c).

Following a contested jurisdictional hearing, on October 17, 2013, the robbery count was ordered dismissed and the theft from a person count was found true as a felony. The maximum term of confinement was set at three years.

Minor was adjudged a ward of the court on the same terms and conditions as noted above and placed in the custody of his mother. The previously deferred Entry of Judgment was ordered lifted.

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

Minor filed a timely notice of appeal from the true finding on the Petition Subsequent.

## II

## STATEMENT OF FACTS

On September 17, 2013, Salvador M., who was eleven years old, was outside his apartment playing with his I-Pod. Two boys, minor and his brother, approached Salvador. Minor's brother asked if he could borrow Salvador's I-Pod. Although no specific threat was made, Salvador was afraid something would happen to him so he gave the I-Pod to minor's brother. Minor's brother passed the I-Pod to minor, who ran with it and jumped over a fence.

The minor was subsequently stopped by police and the I-Pod was found in his possession.

## III

## ANALYSIS

Minor appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered minor an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

3

## IV

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>RICHLI</u>
J.

We concur:

<u>RAMIREZ</u>
P. J.

<u>CODRINGTON</u>
J.

4